PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-MC-00367-KJM-CKD |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $33,270.00 IN U.S. CURRENCY, | |
| Defendant. | |

    Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

    1.    On May 3, 2023, agents with the Drug Enforcement Administration ("DEA") contacted Ricky Bill Humbert ("Humbert" or "claimant") at the Sacramento International Airport in Sacramento, California.  Approximately $33,270.00 in U.S. Currency (hereafter "defendant currency") was seized from Humbert during this encounter.

    2.    The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about July 18, 2023, the DEA received a claim from Humbert asserting an ownership interest in the defendant currency.

    3.    The United States represents that it could show at a forfeiture trial that on May 3, 2023, Humbert traveled on Delta Airlines Flight 904 from Atlanta, Georgia to Sacramento, California, with his origin of travel that day being Fort Lauderdale, Florida.  Law enforcement received information

regarding suspicious travel by Humbert, to include the purchase of his one-way ticket within 24 hours of his flight, with one checked suitcase, as well as Humbert having a drug-related criminal history.

4. The United States represents that it could further show at a forfeiture trial on May 3, 2023, law enforcement responded to the Sacramento International Airport and stood near the baggage area associated with Humbert's incoming fight. Law enforcement located Humbert's checked luggage and a drug detection dog positively alerted to the presence of the odor of narcotics on Humbert's suitcase. Following the positive alert by the trained drug detection dog, law enforcement brought the luggage into the indoor baggage carousel area where they observed Humbert standing by the luggage carousel. Humbert waited by the carousel a few moments before looking over at law enforcement standing with his luggage. Law enforcement identified themselves to Humbert, who then confirmed his identity and ownership of the luggage.

5. The United States represents that it could further show at a forfeiture trial that law enforcement informed Humbert of the drug detection dog's positive alert and asked if he had anything he should not be traveling with. Humbert stated he did not and gave law enforcement consent to search his luggage. While law enforcement unzipped the luggage, Humbert told law enforcement his gambling money was in the luggage, that he was going to the Hard Rock Casino, and to visit a friend. Law enforcement asked Humbert how much money was in the luggage; Humbert replied, "15 to 20," meaning $15,000 to $20,000.

6. The United States represents that it could further show at a forfeiture trial the search of Humbert's luggage revealed disheveled clothing with several stacks of loose and rubber-banded cash concealed in the pockets of several pants and shorts. Humbert first said the money was from his work in real estate, but then said it was from dog breeding. Following the cash discovery, law enforcement asked Humbert to accompany them to a separate room where they could have a private conversation.

7. The United States represents that it could further show at a forfeiture trial that a later bank count of the cash seized from Humbert's luggage totaled $33,270.00 – the defendant currency. The denominations of the seized $33,270 cash comprised of 1 $10 bill, 1,108 $20 bills, 12 $50 bills, and 105 $100 bills.

8. The United States represents that it could further show at a forfeiture trial that Humbert has a drug-related criminal history from 2011 through 2022, including a 2014 felony drug conviction in California and a pending drug-related case in Florida.

9. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

10. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Ricky Bill Humbert acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

11. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

12. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

13. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $21,270.00 of the Approximately $33,270.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

/////

/////

Consent Judgment of Forfeiture

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,000.00 of the Approximately $33,270.00 in U.S. Currency shall be returned to claimant Ricky Bill Humbert through his attorney Issac Safier.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

DATED: August 23, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE